IN THE SUPREME COURT OF THE STATE OF NEVADA

JOSHUA HANK JEROLD VIALPANDO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 76209

FILED

JUN 2 6 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S.Young
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of resisting a public officer, threatening or intimidating a public officer, and assault upon an officer. Fourth Judicial District Court, Elko County; Alvin R. Kacin, Judge.

*FACTS AND PROCEDURAL HISTORY*

Appellant Joshua Hank Jerold Vialpando was found guilty of resisting a public officer (NRS 199.280), assault upon an officer (NRS 200.471(2)(c)), and threatening or intimidating an officer (NRS 199.300) from his interactions with officers from the West Wendover Police Department. Prior to his jury trial, Vialpando and the State of Nevada each filed motions in limine. In the State's motion, it requested that it be permitted to admit Vialpando's pending bench warrants and evidence related to Vialpando "causing problems" at the casino based on the doctrine of res gestae. In Vialpando's motion, he requested certain body-camera video evidence be excluded because it was irrelevant to his charges, lacked probative value, and was unfairly prejudicial. The district court held a hearing and found: (1) that the evidence regarding the report Officer Cutter Love got from the security officer, Officer Love's contact with Vialpando,

19-27436

Vialpando running away, and his subsequent detention was clear and convincing and its probative value was not outweighed by the danger of unfair prejudice; (2) evidence of Vialpando's warrants was relevant to Vialpando's custody; (3) Vialpando's use of pejorative terms was admissible and he would be open to a limiting jury instruction; and (4) a second video should be excluded as it did not provide support for the assault on an officer charge.

On appeal, Vialpando makes two arguments. First, he argues that his judgment of conviction should be reversed as there was insufficient evidence presented at his trial. Second, the district court abused its discretion when it denied Vialpando's motion in limine to exclude video evidence. We disagree.

## DISCUSSION

*There was sufficient evidence to support Vialpando's judgment of conviction*

In reviewing the sufficiency of the evidence, we must decide "whether after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Origel-Candido v. State*, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998). "[I]t is the jury's function, not that of the [reviewing] court, to assess the weight of the evidence and determine the credibility of witnesses." *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992).

First, there was sufficient evidence for the jury to convict Vialpando of resisting a public officer.[1] NRS 199.280. Vialpando argues

---

[1]Vialpando argues that the State did not meet its burden of proving all of the elements of battery upon an officer (NRS 200.481). However, we

that the evidence presented to the jury shows him reacting to the force the officers used against him, which is insufficient to support that charge. We disagree. A rational trier of fact could have found that Vialpando obstructed the investigation when he ran away during his first encounter with Officer Love, or that he willfully resisted arrest when he resisted the attempts to place him in the patrol car. Thus, there was sufficient evidence for a jury to convict Vialpando of violating NRS 199.280.

Second, there was sufficient evidence to support Vialpando's conviction for threatening or intimidating an officer. NRS 199.300. Vialpando argues that it was impossible for him to use physical force against the officers and, therefore, he could not have posed an immediate threat. However, it is clear from the body-camera footage and Officer Love's testimony at trial that Vialpando threatened the officers multiple times, including when Vialpando challenged Sergeant Jason Abrams to a fight. Based on this evidence, a rational trier of fact could have made an inference that Vialpando was making these threats in order to prevent his arrest. Thus, there was sufficient evidence for a jury to find Vialpando guilty of threatening or intimidating an officer.

Third, there was sufficient evidence to support Vialpando's conviction for assault upon an officer. NRS 200.471. Vialpando fails to address this crime specifically, but does state that the entirety of his conviction should be overturned based on insufficient evidence. There was evidence presented that Vialpando's statements and conduct put the officers involved in reasonable apprehension of an immediate bodily harm. For instance, Officer Love testified that he was in reasonable apprehension

---

need not address this argument as Vialpando was convicted of the lesser charge of resisting a public officer (NRS 199.280).

 

of Vialpando striking, hitting, or kicking him. Other officers involved also testified to having the same apprehension. Consequently, the jury could have found that Officer Love, as well as the other two officers, experienced this reasonable apprehension several times throughout Vialpando's arrest. Thus, there was sufficient evidence for a jury to find Vialpando guilty of assault upon an officer.

*The district court did not abuse its discretion when it denied Vialpando's motion in limine to exclude video evidence*

"[A] district court's decision to admit or exclude evidence [is reviewed] for an abuse of discretion." *Mclellan v. State,* 124 Nev. 263, 267, 182 P.3d 106, 109 (2008). With some exceptions, an error does not warrant reversal if it is harmless. *See* NRS 178.598 ("Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded."). "Harmless-error review applies . . . only if the defendant preserved the error for appellate review." *Valdez v. State,* 124 Nev. 1172, 1190, 196 P.3d 465, 477 (2008). "[T]he decision to admit or exclude [prior bad act] evidence is within the discretion of the trial court and will not be overturned absent a showing that the decision is manifestly incorrect." *Rhymes v. State,* 121 Nev. 17, 21-22, 107 P.3d 1278, 1281 (2005).

Vialpando argues that the district court abused its discretion when it allowed the State to enter video evidence containing Vialpando's pejoratives because it was irrelevant and cast Vialpando in a "bad light." We disagree. The district court was correct that the language Vialpando used was relevant and went to the heart of the charges against him. NRS 48.015 (Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence."). Further, there was no unfair prejudice by admitting such evidence. NRS 48.035(1). Thus, the

district court did not abuse its discretion when it allowed the admission of Vialpando's remarks during the incident. Accordingly we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Cadish

cc:    Hon. Alvin R. Kacin, District Judge
       Attorney General/Carson City
       Elko County District Attorney
       Elko County Public Defender
       Elko County Clerk